UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                          CASE NO.

**LEO FRANKLIN**                                                **10-14266**
**ANITA WILLIAMS FRANKLIN**

DEBTOR(S)                                                       SECTION A
                                                                CHAPTER 13


# ORDER CONFIRMING CHAPTER 13 PLAN

Pursuant to a hearing held on August 9, 2011, the Court finds that the plan filed in this case on November 16, 2010, as modified by Amendment filed May 25, 2011, complies with 11 U.S.C. 1325; therefore,

**IT IS ORDERED**:

1. That the plan is confirmed and that the debtors shall make payments to the trustee and to any other parties according to the terms specified in the plan.

2. That the amounts contained in the plan for payment to priority or secured creditors are not binding until after the expiration of the time limits provided by Bankruptcy Rules 3002, 3003, and 3004. The debtors' counsel is directed to file proofs of claim on behalf of all priority and secured claimants who fail to do so within the statutory deadlines.

3. That the amounts specified in the plan payable to secured or priority claimants will be as specified by the plan provided: 1) the claimant fails to file a timely proof of claim in compliance with Bankruptcy Rule 3001, *et seq.*; or 2) the debtors or trustee fail to file a proof of claim within thirty (30) days following the bar date pursuant to Bankruptcy Rule 3004.

4. That if a secured or priority claimant files a timely proof of claim in compliance with Bankruptcy Rule 3001, *et seq.*, the deemed allowed amount of the claim shall be: 1) as provided for by the claim if no objection is made to the proof of claim; or 2) if an objection to the proof of claim is filed, the amount allowed by order of the Court.

5. That if the debtors or trustee files a proof of claim for the claimant, for purposes of distribution under the plan, the amount of the claim shall be: 1) the amount of the proof of claim, if no objection is filed; or 2) if an objection to the proof of claim is filed, the amount allowed by order of the Court. The filing of a proof of claim on behalf of a claimant by the debtors or the trustee shall not constitute an admission of the existence, nature, or amounts due or any security for the claim, nor shall the filing of a proof of claim by the debtor or trustee waive any right to object to same.

6. That the debtors and the trustee reserve the right to object to any claim following confirmation.

7. That all proceeds from the sale of property, proceeds from lawsuits or settlements, or tax refunds payable to the debtor shall be turned over to the trustee for administration.

8. That the debtors shall provide to the trustee, at least once every six months until the case is closed, a report on the status of any pending or potential lawsuit in which the debtor is or may be a plaintiff.

9.  That in cases filed on or after September 16, 2009, the debtors' Certification of Completion of Post-petition Instructional Course Concerning Personal Financial Management (Official Form 23) is due no later than the date when the last payment is made by the debtors as required by the plan or the filing of a motion for a discharge under § 1328(b) of the Code.

10.  That any and all objections to confirmation that were not withdrawn are denied.

New Orleans, Louisiana, August 19, 2011.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge